# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JOSEPH EDWARD POINDEXTER, ) | |
| ) | |
| Plaintiff, *pro se,* ) | **MEMORANDUM OPINION** |
| ) | **AND RECOMMENDATION** |
| v. ) | |
| ) | |
| SHERIFF B.J. BARNES, et al., ) | 1:09CV893 |
| ) | |
| Defendants. ) | |

## Case History

Plaintiff, Joseph Edward Poindexter, brought this civil rights action under 42 U.S.C. § 1983. In his complaint (docket no. 2), he alleged generally that Defendants, who were responsible for the Guilford County Jail (the Jail) where he was held when the suit was filed, neglected his medical care, maintained the Jail in a state of filth, and prevented him from pursuing grievances on these issues. Defendants answered the complaint, and a number of motions were filed by the parties. Defendants then filed a Motion for Relief from Fraudulent Filings (docket no. 27). In that motion they alleged that Plaintiff, who filed several suits in this court, was part of a group of inmates who worked together to defraud the court, Defendants, and other persons by filing false lawsuits supported by fraudulent exhibits. Defendants claimed that several of Plaintiff's lawsuits have contained at least some falsifications. They sought dismissal of this lawsuit, as well as other

sanctions, in order to punish Plaintiff's alleged conduct and deter any future misdeeds.

Plaintiff did not file any response to the Motion for Relief and it came before the undersigned for a decision. An Order was entered in which the court concluded that it did appear that Plaintiff had engaged in serious and fraudulent misconduct during the course of his lawsuits. Nevertheless, given the seriousness of the allegations and the potential for sanctions, the court wished to give Plaintiff another chance to respond before sanctions were entered. Plaintiff was allowed to make a submission explaining or denying his conduct. He was also instructed that this statement had to be made under penalty of perjury and that failure to comply would result in the dismissal of the action (docket no. 37).

The Order was initially mailed to the Guilford County Jail, but it was returned as undeliverable because Plaintiff had been transferred without informing the court of his change of address (docket no. 38). The court was able to locate Plaintiff through its own efforts and remailed the Order to Plaintiff. He then filed a response which is notable for three reasons. First, it was not made, as instructed, under penalty of perjury. This means that Plaintiff did not comply with the earlier Order that any responsive statement be so filed. Second, Plaintiff stated that on June 28, 2010, he sent the court a letter explaining that he could not continue to litigate the case because he was not near the "jailhouse attorneys" who had helped him with his cases. He added that he sought to dismiss the case at that time and repeated that

request in his current submission. Finally, Plaintiff claimed that he never intentionally did anything wrong in filing or pursuing cases in this court, but only used the aforementioned "jailhouse attorneys" to file his cases and pleadings. He claimed to be confused by the court's order and to have no understanding of what was happening (docket no. 39).

Defendants replied to Plaintiff's statement (docket no. 40). Of particular relevance, they noted that substantial evidence existed that Plaintiff *was* a "jailhouse attorney" who handled not only his cases, but those of others. They then renewed their request for the relief they had previously requested.

### **Discussion**

As was noted in the prior order, Plaintiff is a veteran pro se litigator, not only in this district, but in at least one other. He also made several demonstrably false statements in his suits in this court and likely filed false or forged exhibits in support of his lawsuit. He was specifically warned that if he wished to file a response to Defendants' accusations, he needed to do so under penalty of perjury and he needed to explain his actions. Rather than comply, he filed an unsworn statement offering no explanation beyond one that amounts to, "my jailhouse attorneys must have done it all." Of course, even this unsworn explanation is inherently unbelievable given Plaintiff's litigation history.

The only factor working in Plaintiff's favor at this point is his request to dismiss the case. He claims to have made the request a year ago via a letter to the court.

If true, this would have saved the court and Defendants a substantial expenditure of resources. Of course, Plaintiff does not provide a copy of the letter. Defendants state that they are not familiar with the letter (docket no. 40 at 4 n.3.); and the court, despite searching all of Plaintiff's cases, has also been unable to locate the letter. Nevertheless, whether or not the letter ever existed, it does appear that Plaintiff now wishes to have the case dismissed (docket no. 40 at 3). This aligns with the prior Order which stated that failure to file a statement under penalty of perjury by Plaintiff would result in dismissal of the case and the fact that Plaintiff has failed to comply. Therefore, the matter should be dismissed. The only remaining questions are the terms of the dismissal and any additional possible sanctions.

As the court noted in the prior Order, monetary sanctions and a referral of the case to the United States Attorney for a review of possible criminal charges are among the possible sanctions. Having considered Plaintiff's situation as a pro se prisoner litigant, his conduct before this court, the need to deter such conduct in the future, and the need to protect defendants in this and Plaintiff's other suits in this court from further misconduct, the court concludes that the following resolution is appropriate. Defendants' Motion for Relief should be granted; and this case should be dismissed; however, the dismissal should be with prejudice, meaning that Plaintiff cannot refile this case. Furthermore, Plaintiff should be enjoined from filing further lawsuits against any of the defendants named in his prior lawsuits in this court unless he first receives permission from the court. He should also be prohibited from

filing further lawsuits in this court against other persons or entities based on events that occurred during the time he was housed in the Guilford County Jail unless he first receives permission. The undersigned concludes that monetary sanctions would not be effective given Plaintiff's status as a prisoner who is unlikely to have the ability to pay such sanctions. Also, in light of Plaintiff's willingness to dismiss this case, the court will not refer the matter to the United States Attorney for a review of possible criminal charges. This outcome is fair to all parties in that it is an appropriate sanction for Plaintiff's past conduct, it gives Defendants the protection from future suits they sought through their Motion for Relief, and it does not increase Plaintiff's chances of facing further charges.[1] This should relieve, at least somewhat, concerns Plaintiff expressed in his response about needing counsel or having his family hire an attorney to defend him.

For the foregoing reasons,

**IT IS RECOMMENDED** that Defendants' Motion for Relief from Fraudulent Filings (docket no. 27) be granted with the following relief being given: (1) that this action be dismissed with prejudice, and (2) that a prefiling injunction be entered enjoining Plaintiff from filing, without prior permission of the court, a suit against any defendant that he has named in a prior lawsuit in this district or against any person

---

[1] Of course, there is no way that the court can guarantee that no charges will ever be brought by either state or federal authorities based on Plaintiff's conduct. That decision is out of the court's hands; however, the court will not specifically inform authorities of his conduct or seek a review or investigation of whether charges are appropriate. This should lessen the chances that charges will be filed.

or entity based on events that occurred during the time he was incarcerated in the Guilford County Jail. Upon dismissal of this action, all pending motions in the case should be terminated.

/s/ Wallace W. Dixon
WALLACE W. DIXON
United States Magistrate Judge

Durham, N.C.
July 13, 2011